# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 08-00231-KD-C |
| | ) |
| ELIZABETH PICKARD ARMSTRONG, | ) |
|     Defendant. | ) |

### ORDER

This action is before the Court on Defendant Elizabeth Pickard Armstrong's letter to the Court dated November 19, 2013 (Doc. 56), which the Court construes as a *pro se* motion for the Court to provide assistance and to appoint counsel.

On January 15, 2009, pursuant to her plea of guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), the Court sentenced Armstrong to 120 months in prison followed by eight years of supervised release. (Doc. 53). Because of the amount of marijuana for which she was found responsible, and because she had previously been convicted of a felony drug offense, this was the mandatory minimum sentence to which Armstrong was subject pursuant to 21 U.S.C. § 841(b)(1)(B). The mandatory minimum was imposed based, *inter alia*, on the judgment of conviction and probation attached to this Order. In her letter, Armstrong questions whether her sentencing enhancement is appropriate because on October 2, 2013, over 4.5 years after she was sentenced, the underlying drug case supporting the mandatory minimum was dismissed (see Doc. 56 at 3).

Any amendment to the judgment of the state court case that occurred on August 13, 2013, has no effect on the sentence that was imposed on January 15, 2009. The Eleventh Circuit has held that "federal law, rather than state law, defines what constitutes a 'conviction' for purposes of section 841(b)(1)(B)." United States v. Mejias, 47 F.3d 401, 404 (11th Cir. 1995). "[E]xpunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of

the crime to which he pleaded guilty." Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 115 (1983), superseded on other grounds by statute, Firearms Owners' Protection Act of 1986, Pub. L. No. 99–308, 100 Stat. 449, as recognized in Logan v. United States, 552 U.S. 23, 27 (2007). Accord United States v. Dyke, 718 F.3d 1282, 1293 (10th Cir. 2013), cert. denied, 134 S. Ct. 365 (2013); United States v. Mason, 103 F. App'x 22, 23-24 (7th Cir. 2004) ("[C]ounsel identifies one potential argument that Mason could make: because Mason's two felony marijuana convictions were ultimately discharged, they are not prior "convictions" that may be used to enhance Mason's sentence. But this argument would be frivolous because we have previously held that federal rather than state law defines what constitutes a conviction for purposes of the . . . enhancement under § 841(b)(1)(B). See United States v. Gomez, 24 F.3d 924, 930 (7th Cir. 1994). Thus, the fact that Illinois may have discharged Mason's felony marijuana convictions is irrelevant to whether they operate as 'prior felony drug offenses' under § 841(b)(1)(A). See United States v. Graham, 315 F.3d 777, 783 (7th Cir. 2003); [United States v. ]Gomez, 24 F.3d [924,] 930[ (7th Cir. 1994)]; see also Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 115, 103 S. Ct. 986, 74 L. Ed. 2d 845 (1983) ('[E]xpunction [under state law] does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty.').").

Accordingly, it is **ORDERED** that Armstrong's motion (Doc. 56) is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Armstrong at the address from which the motion was sent.

**DONE** and **ORDERED** this the **9th** day of **December 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

```
Offense  :  POSSESSION OF A CONTROLLED
File #   :  SUBSTAN  WITH INTENT TO DELIVER: COCAI   FIRST DEGREE FELONY
Officer #:
```

No.: 0915249

| THE STATE OF TEXAS | § | IN THE 331ST JUDICIAL |
|---|---|---|
|  | § | DISTRICT COURT OF |
| vs. | § | TRAVIS COUNTY, TEXAS |
|  | § |  |
| KATHLEN ELIZABETH PICKARD | § |  |

## JUDGMENT OF PROBATION

On the 15th day of June, A.D., 1992, was regularly reached and called for trial the above numbered and entitled cause, and the State appeared by her District Attorney, and the defendant, Kathlen Elizabeth Pickard, appeared in person, defendant's counsel, Kyle Collins, also being present; thereupon the District Attorney announced ready for trial, and it appearing to the Court that the defendant, defendant's counsel and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court and the Court having consented to the waiver of a jury herein, the reading of the indictment was waived _____ and the defendant, upon being asked by the Court as to how defendant pleaded, entered a plea of "Guilty" to the charge in the indictment relied upon by the State; thereupon the defendant was admonished by the Court of the range of punishment attached to the offense; that the recommendation of the prosecuting attorney as to punishment is not binding on the Court; that if the plea of guilty is the result of a plea bargaining agreement and the Court does not accept the agreement, that he could withdraw his plea of guilty and the fact that the defendant had entered a plea of guilty nor any statements made by him at the hearing on the plea of guilty may be used against him on the issue of guilt or punishment in any subsequent criminal proceedings and that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial Court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial and it appearing to the Court that the said defendant is mentally competent to stand trial, that the said plea of "Guilty" is freely and voluntarily made and the defendant was aware of the consequences of said plea, the said plea of "Guilty" is by the Court received and is here now entered of record in the minutes of the Court as the plea herein of said defendant, and after having heard all evidence for the State and defendant, and having heard argument of counsel, is of the opinion that there is sufficient evidence to substantiate a finding of Guilty beyond any reasonable doubt and recesses this cause for a pre-sentence investigation report by the Adult Probation Department.

On the 13th day of July, A.D., 19 92, this cause being again called, the State appeared by her District Attorney and the defendant, Kathlen Elizabeth Pickard, appeared in person with counsel, Kyle Collins, also being pre-

302-A                                                            10/89

sent, the Court is of the opinion and so finds that the said
defendant is guilty as confessed of the offense of Possession of a
Controlled Substance with Intent to Deliver: Cocaine, First Degree Felony
                              , committed on   October 8       , 19 91 ,
and the Court after having all the evidence for the State and for
the defendant presented for the purpose of determining the pun-
ishment to be assessed, and having heard argument of counsel, is
of the opinion and so finds that the punishment of the defendant
should be fixed at confinement in the  Texas Department of Criminal Justice
Institutional Division      for a period of  Ten (10) years, and a fine
assessed at $2,000.00                                             .

It is therefore CONSIDERED ORDERED, ADJUDGED AND DECREED by
the Court that the defendant,  Kathlen Elizabeth Pickard        ,
is guilty of the offense of   Possession of a Controlled Substance with
Intent to Deliver: Cocaine, First Degree Felony                  ,
committed on  October 8, 1991
as found from the evidence previously presented and that he be
punished as had been determined by the Court by confinement in
the Texas Department of Criminal Justice Institutional Division  for a period of
Ten (10) years, and a fine assessed at $2,000.00                .

However, the defendant having made application for probation
the Court is of the opinion and so finds, that the ends of jus-
tice and the best interest of both the public and the defendant
will be subserved if the imposition of the sentence in this cause
be suspended and the defendant be placed on probation under the
supervision of the Court.

It is therefore ORDERED, by the Court that the imposition of
the sentence in this cause be, and the same is hereby suspended
during the good behavior of the defendant, and the defendant, ____
 Kathlen Elizabeth Pickard                   is hereby placed on
probation for a term of   Ten (10) years      beginning on this
date under the supervision of the Court and the duly appointed
and acting Adult Probation Officer of Travis County, Texas,
subject to the following conditions of probation, the defendant
shall, during the term of probation:

1. Obey all orders of the Court and the Probation Officer.

2. Commit no offense against the laws of this or any State or of
   the United States.

3. Avoid injurious or vicious habits.

4. Avoid the use of all narcotics, habit forming drugs,
   alcoholic beverages, and controlled substances.

5. Avoid persons or places of disreputable or harmful character
   (including association with any person previously convicted
   of a felony crime without the permission of the Probation
   Officer).

6. Report to your Probation Officer on   the second Monday of each
   month at 9:00 a.m.                   and any subsequent time as
   instructed by your Probation Officer.

7. Permit the Probation Officer to visit you at your home or
   elsewhere.

8. Work faithfully at suitable employment as far as possible,
   subject to the approval of the Court and/or the Probation
   Officer.

9. Do not change place of residence without the permission of the Probation Officer and report within five (5) days of any change in employment or marital status.

10. Remain within Travis County, Texas, unless permitted to depart by the Court and/or the Probation officer.

11. Support your dependents.

12. Pay your Costs of Court and fine, in one or several sums, that the Court shall determine, to wit: $ 2,000.00 Fine; $ 82.50 Court Costs; totaling $ 2,082.50 in payments of $ 30.00 each month starting on August 13, 1992 and on the 13th day of each month thereafter, payments made to the Community Supervision and Corrections Department of Travis County (hereafter called the "Department").

13. Pay $40.00 a month probation supervision fee to the Department during probationary period starting on July 13, 1992 and on the 13th day of each month thereafter.

14. Restitution should be paid to the Department in the amount of $ 279.53, in payments of $ 15.00 each month starting on August 13, 1992 and on the 13th day of each month thereafter until the total is paid.

15. Reimburse the County for compensation paid to appointed counsel totaling $_____, in payments of $_____ each month starting on _____ and on the _____ day of each month thereafter until the total is paid.

16. Pay a Personal Bond fee of $20.00 [xxx] _____ within thirty (30) days to the Personal Bond Office.

17. All Court ordered monies must be paid off sixty (60) days prior to discharge.

18. Refrain from disorderly conduct, abusive language, or disturbing the peace while present at the office of the Department.

19. Pay a $10.00 Crime Stoppers fee through the Department by August 13, 1992.

20.-22. Omitted.

23. Submit a urine specimen at the direction of the Probation Officer, daily if ordered, and pay all costs if required.

24. Omitted.

25. Report to outpatient alcohol/drug treatment and Education Support Services for testing and placement on the date designated by your Probation Officer, cooperate and participate while you are a client thereof, pay all costs of treatment, and remain until successfully discharged by the proper authorities..

26. Have no contact and do not associate with Bobby Cammock, Lorine Harris, Earnhart McDonald and Jackie Mayes.

27. Register with and remain registered with the Texas Employment Commission during periods of unemployment.

SIGNED this the 11 day of Sept., A.D., 1992

JUDGE PRESIDING

APPROVED AS TO FORM:

Assistant District Attorney

302-C.2　　　　　　　　　　3　　　　　　　　　　02/90